**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

_____

| | |
|---|---|
| CHARLES W. LANGE | ) Case No.: |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT AT LAW** |
| v. | ) |
| | ) |
| | ) **TRIAL BY JURY DEMANDED** |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION d/b/a AMTRAK and | ) |
| BNSF RAILWAY COMPANY | ) |
| | ) |
| Defendants. | ) |

_____

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHARLES W. LANGE, by and through his attorneys, CRAIG W. CHURCH, and HOEY & FARINA, P.C. Complaint against the Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("AMTRAK") and BNSF RAILWAY COMPANY ("BNSF"), states as follows:

### COUNT I- AMTRAK

1. On or about March 3, 2015 at about 6:55 a.m. Plaintiff, CHARLES W. LANGE was assigned as a conductor to Defendant, AMTRAK's Train No. 6 Eastbound to Chicago, Illinois.

2. Plaintiff's train on said date at said time sopped in Creston, Iowa at the BNSF depot.

3. At said time and place alleged, as Plaintiff detrained he slipped on black ice on the passenger platform, thereby causing severe shoulder injury.

1

4.     Defendants, BNSF and AMTRAK are Delaware corporations authorized to do business and doing business in the State of Iowa, and are engaged in interstate commerce between the various states, and are subject to service of process and to the jurisdiction of this court.

5.     The Defendant, BNSF, owned, operated, and controlled the Creston depot, including the passenger platform where Plaintiff was injured, and was responsible for maintaining the passenger platform in a safe condition.

6.     At the time of the accident and injury alleged herein, Plaintiff was employed by Defendant, AMTRAK, as a conductor and his duties as such were in furtherance of interstate commerce for Defendant.  At said time both Plaintiff and Defendant, AMTRAK, were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51-60, and amendments thereto.

7.     Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of Defendant, AMTRAK s business, and it was its non-delegable duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work and to use reasonably safe methods in its maintenance operations, to inspect, maintain and repair said passenger platform, its lighting and salt dispensers, and to warn Plaintiff so as to avert injury to him.

8.     Defendant, AMTRAK, at the time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars, and thereby caused injury to Plaintiff:

a.     In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

b. In failing to exercise ordinary care to use reasonably safe methods in its maintenance of premises and operations;

c. In failing to inspect said passenger platform when ordinary inspection would have disclosed an unsafe icy condition that could have been removed in time to have averted injury to Plaintiff;

d. In failing to adequately salt or remove ice when Defendant should have known and foreseen that Plaintiff would be subjected to jeopardy of injury in walking in said area;

e. Carelessly and negligently failed to remove and/or salt, sand or melt ice on a passenger platform used by its employees;

f. Failed to establish proper procedures for the inspection and removal of ice and for the application of salt on icy areas;

g. Failed to adopt, install, implement and enforce a safe method and procedure for inspecting its passenger platform, lighting and salt dispensers to determine if the area was safe for Plaintiff to work;

h. Failed to maintain lighting and salt dispensers in proper condition;

i. Failed to properly warn its employees that patches of ice were in the area where Plaintiff was required to work;

j. In requiring Plaintiff to work in an area that Defendant knew or should have known was covered with patches of ice that had not been salted, sanded or melted;

k. Failed to adequately illuminate the premises;

l. Failed to maintain adequate salt, sand or ice melting materials and salt dispensers;

    m.    Failed to maintain the passenger platform at a sufficient slope for adequate drainage in compliance with industry standards; and

    n.    Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

9.    The Plaintiff sustained injuries resulting in whole or in part from the careless and negligent acts and omissions of Defendant, AMTRAK.  As a consequence of the negligence of Defendant, AMTRAK, Plaintiff suffered injuries to his shoulder which required surgery and is permanently disabled from his occupation as a conductor.

10.    Plaintiff respectfully demands a trial by jury as to all issues herein.

WHEREFORE, Plaintiff, CHARLES W. LANGE, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK in an amount in excess of the jurisdictional minimum.

## COUNT II- BNSF

11-15.    Plaintiff repeats and incorporates herein by reference each and averment contained in paragraphs 1 through 5 above.

16.    At the time of the accident and injury alleged herein, Defendant, BNSF, had a duty to exercise ordinary care to inspect, maintain, and repair said passenger platform, its lighting and salt dispensers, and to warn Plaintiff so as to avert injury to him.

17.    Defendant, BNSF, at the time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars, and thereby caused injury to Plaintiff:

    a.    In failing to exercise ordinary care to use reasonably safe methods in its maintenance of premises and operations;

b. In failing to inspect said passenger platform when ordinary inspection would have disclosed an unsafe icy condition that could have been removed in time to have averted injury to Plaintiff;

c. In failing to adequately salt or remove ice when Defendant should have known and foreseen that Plaintiff would be subjected to jeopardy of injury in walking in said area;

d. Carelessly and negligently failed to remove and/or salt, sand or melt ice in a passenger platform used by business invitees;

e. Failed to establish proper procedures for the inspection and removal of ice and for the application of salt on icy areas;

f. Failed to adopt, install, implement and enforce a safe method and procedure for inspecting its passenger platform, lighting and salt dispensers to determine if the area was safe for Plaintiff to work;

g. Failed to maintain lighting and salt dispensers in proper condition;

h. Failed to properly warn that patches of ice were in the area where Plaintiff was required to work;

i. Failed to adequately illuminate the premises;

j. Failed to maintain adequate salt, sand or ice melting materials and salt dispensers;

k. Failed to maintain its passenger platform at a sufficient slope for adequate drainage in compliance with industry standards; and

l. Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

18. The Plaintiff sustained injuries resulting in whole or in part from the careless and negligent acts and omissions of Defendant, BNSF. As a consequence of the negligence of Defendant BNSF, Plaintiff suffered injuries to his shoulder which required surgery and is permanently disabled from his occupation as a conductor.

19. Plaintiff respectfully demands a trial by jury as to all issues herein.

WHEREFORE, Plaintiff, CHARLES W. LANGE, demands judgment against Defendant, BNSF RAILWAY COMPANY, in an amount in excess of the jurisdictional minimum.

/s/:   *Craig W. Church*
      CRAIG W. CHURCH   #6193337
      ALAN J. FISHER #6181578
      HOEY & FARINA, P.C.
      542 South Dearborn, Suite 200
      Chicago, IL 60605
      Telephone: 312-939-1212
      Facsimile: 312-939-7842
      cchurch@hoeyfarina.com
      mliebert@hoeyfarina.com

/s/:   *Nicholas J. Mauro*
      NICHOLAS J. MAURO
      CRAWFORD AND MAURO LAW FIRM
      666 Grand Avenue, Ste. 1701
      Des Moines, IA 50309
      Phone: 515-245-5420
      Fax: 515-245-4452
      mauro@crawfordlawfirm.com

      ATTORNEYS FOR PLAINTIFF